# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MELISSA MCKINNEY**                                                          **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO: 1:12-cv-00186-MPM-DAS**

**BANCORPSOUTH BANK**                                          **DEFENDANT**

___

## MEMORANDUM OPINION
___

This cause comes before the court on BancorpSouth Bank's ("Bancorp") motion to dismiss or in the alternative for summary judgment. Melissa McKinney has responded in opposition. Upon due consideration, the motion is due to be granted.

This case arises out of employment discrimination claims under Title VII of the Civil Rights Act. McKinney is a lawyer who alleges that she was sexually harassed and forced to resign because of her gender. Prior to her resignation, McKinney initiated bankruptcy proceedings as a Chapter 13 debtor. McKinney filed a discrimination charge with the EEOC approximately one week before petitioning the Bankruptcy Court for a conversion from Chapter 13 to Chapter 7. Bancorp moves for dismissal, arguing that McKinney is judicially estopped from bringing suit due to her failure to disclose this cause of action in her bankruptcy proceeding and because she allegedly failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission.

Whether a debtor's failure to disclose claims was inadvertent presents a question of fact. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012). Therefore, the court will treat the motion to dismiss as one for summary judgment. Rule 56 permits summary judgment where the movant shows that there is no genuine dispute as to any material fact and that the movant is

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 588 (5th Cir. 1995). When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and "refrain from making credibility determinations or weighing the evidence." *Coury v. Moss,* 529 F.3d 579, 584 (5th Cir. 2008). "The party seeking summary disposition must demonstrate the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law." *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 119 (5th Cir. 1985).

The decision of whether to invoke judicial estoppel is within the trial court's discretion. *In re Coastal Plains, Inc.* 179 F.3d 197, 205 (5th Cir. 1999). "Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. " *Brandon v. Interfirst Corp*., 858 F.2d 266, 268 (5th Cir. 1988). "The purpose of the doctrine is to prevent parties from playing fast and loose with (the courts) to suit the exigencies of self interest." *Id*. (internal citations omitted).

Judicial estoppel "does not apply when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court." *Coastal Plains*, 179 F.3d at 207. "A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; and (2) the party against which estoppel is sought convinced the court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Solutions, Inc*., 412 F.3d 598, 600 (5th Cir. 2005)(citing *In re Coastal Plains*, *Inc*. 139 F.3d 197, 210 (5th Cir. 1999)).

In *Jethroe*, the court held that an employee may be judicially estopped from asserting Title VII claims filed while bankruptcy is pending. *Id*. "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on the undisclosed asset." *Id*.

1. Inconsistent Prior Position

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 207–08 (5th Cir.1999) (emphasis omitted) (citing 11 U.S.C. § 521(1)). The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir.2005)(citation omitted). The disclosure requirement pertains to potential causes of action as well." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012)(internal quotations omitted).

Here, McKinney was a Chapter 13 debtor prior to her resignation. Then, she moved to convert her bankruptcy from Chapter 13 to Chapter 7. Eight days after she filed a discrimination charge with the EEOC, she submitted an amended Schedule B to the bankruptcy court on March 30, 2010, which required that she disclose "other contingent and unliquidated claims of every nature." She responded by checking the box for "NONE" in response.

2. Judicial Acceptance

In this case, the Bankruptcy court granted McKinney's relief by way of a discharge under section 727 of title 11 of the United States Bankruptcy Code. McKinney does not contest this factor, and it will weigh in favor of estoppel.

3. Inadvertence

The party does not act inadvertently "when the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Jethroe*, 412 F.3d at 600. "[I]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Love*, 677 F.3d at 262.

It appears that neither of these considerations establishes inadvertence in this case. First, it is clear that McKinney knew that she had a *potential* cause of action. Otherwise, she would not have filed a charge with the EEOC, nor filed suit in this court. McKinney argues that she "did not mention her claim because she did not believe she had a cause of action. She had not been issued any 'right to sue' letter from the EEOC, nor did she believe any lawsuit would be filed in this matter at the time." McKinney, in essence, argues that she had no way of knowing whether she potentially had a cause of action until the EEOC told her as much. Notably, the EEOC issued the determination that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." McKinney undoubtedly should have disclosed her charge to the EEOC.

Furthermore, "the controlling inquiry, with respect to inadvertence, is the knowing of facts giving rise to inconsistent positions. Moreover, *Browning* states that a claimant's lack of awareness of a statutory disclosure duty for its legal claims is not relevant." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005)(quoting *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999)). It should go without saying that here, McKinney knew of the facts giving rise to her EEOC charge.

Turning now to the consideration of motive under the inadvertence factor of judicial estoppel, McKinney argues the following:

Plaintiff had no motive for her inadvertent concealment of this charge to the EEOC. There was certainly no monetary interest at the time, as she was not even free to file suit against Defendant at the time. In fact, Plaintiff was not notified by the EEOC she was allowed to file her suit until May 30, 2012, two (2) years after her official discharge from her Chapter 7 Bankruptcy. By the time Plaintiff was informed by the EEOC of her "asset" as Defendant puts it, her Chapter 7 Bankruptcy was officially closed, and there were no documents to amend at that late point in time. Even once Plaintiff received her notice of rights from the EEOC, it did not occur to her to re-open her bankruptcy due to the large lapse in time. It would be suspect if Plaintiff moved to immediately re-open her bankruptcy after filing suit against Defendant, but the omission has been completely inadvertent since the origins of her claim; thus, she is not judicially estopped from pursuing her claims because she has never had a motive for the concealment. *Kirk v. Pope*, 973 So.2d 981, 983 (Miss. 2007).

Neither is this argument persuasive. "[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Love*, 677 F.3d at 262 (citations omitted). Further, the Fifth Circuit stated that "debtors had a motivation to conceal where they stood to reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors." *Id*. (citation and quotations omitted). The motivation sub-element is thus satisfied in this case.

The Fifth Circuit in *Love* rejected far more meritorious arguments than those posited above:

> (1) "Plaintiff's positions are no longer inconsistent as [Love] supplemented his Schedule to list the current case as an asset in his bankruptcy"; (2) "the Defendant has failed to show the bankruptcy court has accepted the Plaintiff's prior position that he had no contingent claims"; (3) "Plaintiff will not derive any unfair advantage or impose any unfair detriment on any opposing party if not estopped"; and (4) "Plaintiff's bankruptcy is still pending and any monies paid by Defendant through settlement or judgment in this case would go into the bankruptcy to pay Plaintiff's creditors first."

*Love*, 677 F.3d at 258. Moreover, the facts in *Love* closely mirror those present here. In *Love*, the debtor filed an EEOC charge less than a month after initiating chapter 13 bankruptcy proceedings.

5

McKinney cites certain Mississippi state law cases that the court does not consider relevant in light of the rigidity with which federal law has been applied to similar cases. McKinney's case is judicially estopped and dismissed, accordingly. Having determined such, the court declines to address the administrative remedies exhaustion issue.

In light of the foregoing, the motion for summary judgment [6] is GRANTED, and this case is dismissed. A separate judgment shall issue in accord with this opinion pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED, this the 24th day of July, 2013.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**